UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| HANNAH KEEVY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:24-cv-02210-RLY-MJD |
| ) | |
| AMOS EXTERIORS, INC., et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER ON MOTIONS TO COMPEL**

This matter is before the Court on two motions to compel. [Dkt. 45 and Dkt. 47.] Subsequent to the filing of the motions, portions of each motion were rendered moot by the parties. For the reasons set forth below, the Court **GRANTS** the non-moot portion of Plaintiff's motion, [Dkt. 45], and **GRANTS IN PART** and **DENIES IN PART** the non-moot portion of Defendants' motion, [Dkt. 47].

**I. Background**

Plaintiff filed this case on December 16, 2024, asserting claims for violations of Title VII of the Civil Rights Act of 1964, the Family and Medical Leave Act, and the Indiana Wage Payment Statute against Defendants, her former employer and its president. [Dkt. 1.] In their Answer, Defendants asserted a Counterclaim asserting that Plaintiff was violating the non-competition clause in her Employment Agreement with Defendants by working for a competitor. [Dkt. 11.] On February 28, 2025, Defendants filed a motion for preliminary injunction seeking to enforce the non-competition clause. [Dkt. 19.]

On March 4, 2025, the Court entered a Scheduling Order establishing deadlines relating to the motion for preliminary injunction, including a short period of discovery relating to the motion. The instant motions relate to discovery disputes between the parties that have arisen during this short discovery period. In its Order authorizing the filing of the motions to compel and setting an expedited schedule for the motions, the Court noted that any motion to compel "must explain why the discovery in question is relevant to the motion for preliminary injunction now before the Court." [Dkt. 43 at 1.]

## II. Plaintiff's Motion to Compel [Dkt. 45]

In Plaintiff's motion to compel, she seeks an ordering compelling Defendants to fully respond to Plaintiff's Requests for Production Nos. 8(b), (c), and (e) and 11. In a filing dated March 21, 2025, Defendants withdrew their objection as to Request No. 11, [Dkt. 55], so the motion to compel is **moot** as to that request.

Request No. 8 reads, in relevant part:

Request for Production No. 8: Please produce all sales contracts, agreements, or other written instruments signed by Plaintiff with any client, customer, or entity in connection with securing a sale on behalf of Defendants. The request includes but is not limited to: . . .

> (b) Any preliminary agreements, proposals, or commitments leading to final sales contracts;
> (c) Correspondence, emails, or other communications containing final agreed-upon contract terms; . . . [and]
> (e) Records or documentation reflecting the terms of any oral agreements, if applicable.

Defendants object to these subsections of Request No. 8 as seeking irrelevant and cumulative information, in light of the fact that Defendants are producing all of the final agreements executed by Plaintiff. Plaintiff argues that the information she seeks is relevant:

> When seeking to enforce a non-competition covenant, the employer must first establish there is a "legitimate protectable interest," necessitating the covenant.

2

> See *Coates v. Heat Wagons, Inc.*, 942 N.E. 2d 905 (Ind. Ct. App. 2011). In Indiana, "the information derived from an employee's contacts with customers is a legitimate protectable interest supporting a noncompetition agreement even if it is not confidential." *Distrib. Serv., Inc. v. Stevenson*, 16 F. Supp. 3d 964 (S.D. Ind. 2014). Documents such as preliminary agreements, communications with customers, and documentation of oral agreements contain evidence of the nature of [Plaintiff's] contacts with customers. These documents are necessary to ascertain whether the information derived from [Plaintiff's] contacts with customers is a legitimate protectable interest.

[Dkt. 46 at 4.]

Establishing relevancy in the context of discovery is not a high bar, and where "relevance is in doubt, courts should err on the side of permissive discovery." *Wiginton v. CB Richard Ellis, Inc.*, 229 F.R.D. 568, 577 (N.D. Ill. 2004) (citation omitted); *see Federated Mut. Ins. Co. v. Coyle Mech. Supply Inc.*, 2021 WL 3186959, at *3 (S.D. Ill. July 28, 2021) ("relevance must be broadly construed."). Thus, "[w]hen the discovery sought appears relevant, the party opposing the discovery bears the burden of proof to establish the discovery's lack of relevance by demonstrating that it is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *Gumwood Hp Shopping v. Simon Prop. Group*, 2014 WL 12780341, at *2 (N.D. Ind. June 25, 2014) (citing *Jones v. Hamilton Cnty. Sheriff's Dep't*, 2003 WL 21383332, at *3 (S.D. Ind. June 12, 2003)). In addition, the Court has "broad discretion in discovery matters," including the consideration of a motion to compel discovery. *Packman v. Chicago Tribune Co.*, 267 F.3d 628, 646 (7th Cir. 2001) (citing *Kalis v. Colgate-Palmolive Co.*, 231 F.3d 1049, 1056 (7th Cir. 2000)).

The Court disagrees with Defendants' position that the information sought by Plaintiff adds no relevant information to the final agreements themselves. As noted in *Stevenson*,

> Under Indiana law, "the advantageous familiarity and personal contact which employees derive from dealing with an employer's customers are elements of an employer's 'good will' and are a protectible interest which may justify a restraint." . . . As the Indiana Court of Appeals has noted, "[i]n industries where personal

3

> contact between the employee and the customer is especially important due to the similarity in the product offered by the competitors, the advantage acquired through the employee's representative contact with the customer is part of the employer's good will, regardless of whether the employee had access to confidential information." *Gleeson v. Preferred Sourcing, LLC*, 883 N.E.2d 164, 173 (Ind. Ct. App. 2008).

*Stevenson*, 16 F. Supp. 3d at 970-71 (additional internal citations omitted).  Therefore, the Court agrees with Plaintiff that the documents she seeks, which would include communications Plaintiff had with Defendants' customers and the role Plaintiff had in reaching final agreements with each customer, is relevant to the claims and defenses in this case.

Finally, Defendants argue that the request is unduly burdensome.  However, Defendants state only that it would "take a considerable amount of time" to respond to the request.  This general representation is not sufficient to demonstrate undue burden.  As this Court has observed before:

> [a] party resisting discovery on the basis of undue burden must show with specificity that the discovery requests a[t] issue are objectionable. *See, e.g.* [*E.E.O.C. v. Fair Oaks Dairy Farms, LLC*, 2012 WL 3138108, at *3 (N.D. Ind. Aug. 1, 2012)] ("Dairy Farms has not pointed to a single discovery request that it alleges would be overly burdensome . . . . Dairy Farms simply states that the discovery would be burdensome and expensive without greater detail. The insufficiencies are fatal to its request."); *Bitler Inv. Venture II, LLC v. Marathon Ashland Petroleum LLC*, 2007 WL 1164970 at *4 (N.D. Ind. Apr. 18, 2007) (quotation omitted) ("[I]f a party is to resist discovery as unduly burdensome, it must adequately demonstrate the nature and extent of the claimed burden by making a specific showing as to how disclosure of the requested documents and information would be particularly burdensome.").  This showing typically requires affidavits or other evidence supporting a party's assertions of burden. *See, e.g.*, *Jenkins v. White Castle Mgmt. Co.*, 2014 WL 3809763 at *2 (N.D. Ill. Aug. 4, 2014) ("What is required is affirmative proof in the form of affidavits or record evidence."); *Burton Mech. Contractors, Inc. v. Foreman*, 148 F.R.D. 230, 233 (N.D. Ind. 1992) ("An objecting party must specifically establish the nature of any alleged burden, usually by affidavit or other reliable evidence.").

*Prater v. All. Coal, LLC*, 2023 WL 6158836, at *3-4 (S.D. Ind. Sept. 21, 2023) (quoting *Whole Woman's Health All. v. Hill*, 2019 WL 10886889, at *3 (S.D. Ind. Oct. 7, 2019)). Defendants have not satisfied that burden here.

For the reasons set forth above, the Court, in its discretion, **GRANTS** Plaintiff's motion to compel as to Plaintiff's Requests for Production Nos. 8(b), (c), and (e). [Dkt. 45.] Defendants shall produce a complete response to the request on or before **March 27, 2025**.

### III. Defendants' Motion to Compel [Dkt. 47]

In their motion to compel, Defendants seek to compel responses to two document requests and one interrogatory. In their response, Plaintiff states that she has agreed to respond to Interrogatory No. 8 and Document Request No. 1, so the motion to compel is **moot** as to those discovery requests.

That leaves Document Request No. 7, which read: "Produce for inspection all cellular telephones and other electronic devices." [Dkt. 52-1.] In its motion to compel, Defendants present a narrowed version of the request that reads:

> Produce for inspection by a third-party vendor all cellular telephones and other electronic devices for data from October 1, 2024, to the present using search terms for (a) [Defendants'] customers and prospects for [Plaintiff], and (b) [Defendants'] employees.

There is no question that Defendants are entitled to obtain the information sought in this request—that is, electronically stored information (e.g. texts, emails, and computer files), that relate to Defendants' customers and employees. Plaintiff does not dispute that in her response to the motion to compel. Rather, Plaintiff argues that Defendants are not entitled to obtain that information by conducting a forensic examination of her electronic devices absent "evidence indicating that Plaintiff concealed information or lacks the ability to search and retrieve relevant data herself." [Dkt. 52 at 2.] The Court agrees. *See Hespe v. City of Chicago*, No. 13 C 7998,

2016 WL 7240754, at *3 (N.D. Ill. Dec. 15, 2016) (discussing when such forensic examinations are warranted).

Accordingly, the Court, in its discretion, **GRANTS IN PART** and **DENIES IN PART** Defendants' motion to compel, [Dkt. 47], as to Document Request No. 7, as modified. Defendants' request for a third-party vendor inspection of Plaintiff's electronic devices is **denied** at this time. However, Defendants' motion is **granted** as follows: Plaintiff shall download all information from all cellular telephones and other electronic devices in her possession or control and produce all documents contained on them (including, but not limited to, text messages, voicemail transcripts, calendar appointments, and emails) from October 1, 2024, to the present, that refer or relate to any of Defendants' customers and any of Defendants' employees, on or before **March 27, 2025**. At the time of her production, Plaintiff shall identify all electronic devices that were searched and certify that all responsive documents were produced.

Alternatively—because it is undoubtedly the more efficient course of action for Plaintiff—Plaintiff may produce her electronic devices as requested by Defendants by no later than **March 24, 2025**.

SO ORDERED.

Dated:  24 MAR 2025

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically on all
ECF-registered counsel of record via email
generated by the Court's ECF system.