UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| HANNAH KEEVY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:24-cv-02210-RLY-MJD |
| | ) |
| AMOS EXTERIORS, INC., et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This matter is before the Court on Defendants' Renewed Motion to Strike Plaintiff's Demand for a Jury Trial. [Dkt. 150.][1] For the reasons set forth below, the motion is **GRANTED**.

**I. Background**

Plaintiff was previously employed by Defendant Amos Exteriors, Inc. ("Amos") as a sales representative. In her Second Amended Complaint, Plaintiff asserts claims against Amos under Title VII, 42 U.S.C. § 2000 et seq., for gender discrimination, retaliation, and subjecting her to sexual harassment and a hostile work environment based on her gender and sexual orientation. She also asserts claims under the Family and Medical Leave Act, 29 U.S.C. § 2601

---

[1] The instant motion was filed and briefed while Plaintiff's Amended Complaint was the operative complaint. However, in granting Plaintiff leave to file her Second Amended Complaint, the Court stated that it would consider the instant motion "as directed toward the Second Amended Complaint" to avoid the need for the parties to re-brief the motion. [Dkt. 170.]

et seq., the Indiana Wage Payment Statute, Ind. Code § 22-2-5-2, and a claim for breach of her employment agreement against both Amos and Defendant Robert B. Amos, who is the President of Amos.

The employment agreement governing Plaintiff's employment with Amos contains the following provision:

> 11. <u>Non-Jury Trials</u>. Notwithstanding any rights to a jury trial for any claims, Employee waives any such rights to a jury trial, and agrees that any claim of any type (including but not limited to employment discrimination litigation, wage litigation, defamation, or any other claim) lodged in any court will be tried, if at all, without a jury.

[Dkt. 11-1 at 6.]

## II. Discussion

Based on the jury trial waiver provision set forth above, Defendants move to strike Plaintiff's jury demand in this case.[2] In her response to the instant motion, [Dkt. 163], Plaintiff argues that the jury trial waiver provision is unenforceable because it is unconscionable and that Defendants may not enforce the provision because Defendants committed the first material breach of the contract. Each of Plaintiff's arguments is addressed, in turn, below.

### A. Unconscionability

There is no dispute that Indiana law applies to the issue of whether the jury trial waiver provision in the parties' contract is enforceable. *See* [Dkt. 163 at 3] (Plaintiff applying Indiana law); [Dkt. 166 at 2] (Defendants applying Indiana law); *IFC Credit Corp. v. United Bus. &*

---

[2] The Court notes that Plaintiff sets forth the "motion to strike legal standard" that "Courts in the Seventh Circuit generally disfavor Fed. R. Civ. P. 12(f) motions to strike because they serve to cause delay and should only be granted in the rare case that 'striking material from a pleading would clarify and simplify matters.'" [Dkt. 163 at 3] (quoting *Shiel Sexton Co., Inc. v. Talisman Sur. & Fid. Co., Inc.*, 2024 WL 2273437, at *1 (S.D. Ind. Jan. 18, 2024)). However, that general standard is inapplicable here; a motion to strike is the proper means to raise the issue of whether a jury demand is proper, an issue that obviously must be resolved before trial.

*Indus. Fed. Credit Union*, 512 F.3d 989, 991 (7th Cir. 2008) (holding that validity of jury waiver clause in a contract "depends on the law of the jurisdiction whose rules will govern the rest of the dispute"). "Indiana has long recognized the freedom of parties to enter into contracts." *Doe v. Carmel Operator, LLC*, 160 N.E.3d 518, 521 (Ind. 2021) (citing *Fresh Cut, Inc. v. Fazli*, 650 N.E.2d 1126, 1129 (Ind. 1995)); *see also U.S. Automatic Sprinkler Corp. v. Erie Ins. Exch.*, 204 N.E.3d 215, 218 (Ind. 2023) ("Indiana courts have a long history of safeguarding the freedom to contract."). Under Indiana law, contracts are "presume[d] . . . [to] represent the freely bargained agreement of parties" and contracts will be enforced "so long as they aren't illegal or against public policy." *Doe,* 160 N.E.3d at 521 (citations omitted).

Plaintiff argues that the jury waiver clause is unenforceable because it is unconscionable. "As a general rule, a contract may be declared unenforceable due to unconscionability when there is a *great disparity* in bargaining power which leads the party with the lesser power to sign a contract unwillingly and unaware of its terms." *McAdams v. Foxcliff Ests. Cmty. Ass'n, Inc.*, 92 N.E.3d 1144, 1150 (Ind. Ct. App. 2018) (citations omitted) (emphasis in original). "In such a case, the contract must be one that no sensible person not under delusion or duress or in distress would make, and one that no honest and fair person would accept." In Indiana,

> unconscionability jurisprudence is sub-divided into two branches: substantive and procedural. Substantive unconscionability refers to oppressively one-sided and harsh terms of a contract, while procedural unconscionability involves the manner and process by which the terms become part of the contract.

*Missler v. State Farm Ins. Co.*, 41 N.E.3d 297, 303 (Ind. Ct. App. 2015) (citations omitted). The Seventh Circuit has observed that.

> [a]lthough Indiana recognizes unconscionability, courts do not regularly accept it as an argument; we have previously described Indiana as "unfriendly" to unconscionability generally.

3

*Jackson v. Bank of Am. Corp.*, 711 F.3d 788, 792 (7th Cir. 2013) (citing *Amoco Oil Co. v. Ashcraft,* 791 F.2d 519, 522-23 (7th Cir. 1986) (collecting cases)).

With regard to procedural unconscionability, Plaintiff argues that there was great disparity in bargaining power between the parties here because

> [e]mployers have superior bargaining power over employees.  First, employers craft the employment agreements.  They often have dedicated legal teams or HR departments that draft contracts, enforce policies, and ensure compliance with labor laws.  Employees, on the other hand, may not have the knowledge to challenge unfair contract terms.  Second, employers have superior financial resources over employees. This means employers can afford legal representation, prolonged negotiations, or even delaying hiring, whereas employees often need income immediately and may feel pressured to accept unfavorable terms.  Third, most employees are more easily replaced than employers.  A worker losing a job may struggle to find another position quickly, while an employer can usually fill a vacant role much faster.  Finally, employers control job offers, salaries, benefits, and working conditions.  They often present "take it or leave it" agreements, leaving employees with little room to negotiate, especially in competitive job markets.

[Dkt. 163 at 4.]  The Court rejects Plaintiff's assumption that the employer always has superior bargaining power over a prospective employee.  Depending on the particular job market and the skills and experience of the particular employee, the opposite might be true.  Some prospective employees may be highly sought after by employers and have several job offers to choose from.  Such generalizations are unhelpful.  However, the Court will assume, without deciding, for purposes of this Order that in this case Defendants had superior bargaining power over Plaintiff and that Plaintiff "did not consider or think through the jury waiver provision before signing." [*Id.* at 5.]

Those facts, alone, are insufficient to render the jury waiver provision unconscionable. "[A]n adhesion contract—i.e., 'a standardized contract, which, imposed and drafted by the party of superior bargaining strength, relegates to the subscribing party only the opportunity to adhere to the contract or reject it'—is not per se unconscionable." *Sanford v. Castleton Health Care Ctr.,*

4

*LLC*, 813 N.E.2d 411, 417 (Ind. Ct. App. 2004); *see also IFC Credit Corp.*, 512 F.3d 989, 992-93 ("Ever since *Carnival Cruise Lines, Inc. v. Shute,* 499 U.S. 585, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991)*,* enforced a forum-selection clause printed in tiny type on the back of a cruise-ship ticket, it has been hard to find decisions holding terms invalid on the ground that something is wrong with non-negotiable terms in form contracts.  *See also, e.g.*, *Gilmer v. Interstate/Johnson Lane Corp.,* 500 U.S. 20, 32, 111 S.Ct. 1647, 114 L.Ed.2d 26 (1991) (unequal bargaining power does not justify refusal to enforce an arbitration clause in a form contract)) (additional citation omitted).

> Rather, a contract is unconscionable if a great disparity in bargaining power exists between the parties, such that the weaker party is made to sign a contract unwillingly or without being aware of its terms.  *White River Conservancy Dist. v. Commonwealth Eng'rs, Inc.*, 575 N.E.2d 1011, 1017 (Ind. App. 1991), *reh'g denied, trans. denied.* . . .  A contract is not unenforceable merely because one party enjoys advantages over another.  *Dan Purvis Drugs, Inc. v. Aetna Life Ins. Co.,* 412 N.E.2d 129, 131 (Ind. Ct. App. 1980), *trans. denied.*

*Sanford*, 813 N.E.2d at 417.

Under Indiana law, a person is presumed to understand and assent to the terms of the contracts he or she signs.  *Sanford*, 813 N.E.2d at 418 (citing *Buschman v. ADS Corp.,* 782 N.E.2d 423, 428 (Ind. Ct. App. 2003)).  In her brief, Plaintiff brief asserts that she "had no more than thirty seconds to read and sign the Employment Agreement." [Dkt. 163 at 5.]  This leaves the impression that Defendant somehow pressured or forced Plaintiff to sign the agreement quickly, without taking the opportunity to read it.  Tellingly, however, Plaintiff's Affidavit states only that she "did not engage with any of the documents for more than 30 seconds." [Dkt. 163-1 at 2.]  Her affidavit does not state, or even suggest, that she could not have taken more time to review the document if she had chosen to do so.  *See Sanford*, 813 N.E.2d at 418 (distinguishing

5

between failing to read a contract and being precluded from doing so). And, in fact, the Agreement contains the following certification immediately before Plaintiff's signature:

> I hereby certify that I have read the foregoing conditions, that I have had adequate time to seek legal counsel concerning these conditions, and that I understand these conditions. I understand that I am an employee who can leave the Company at any time, and who can be terminated at any time without cause. I understand that this Agreement includes certain reasonable restrictions on my activities during and then for a period of time after my employment with Company. I understand that in exchange for employment with Company, I am relinquishing certain rights and privileges I might otherwise have. I expressly agree to the conditions of this Agreement and affirm that I find the provisions reasonable and valid.

[Dkt. 11-1 at 6.]

Plaintiff asserts in her brief that "[t]he burden rests on the party seeking to enforce the contract to show that 'the contractual provisions were explained to the other party and came to his knowledge, and there was, in fact, a real and voluntary meeting of the minds.'" [Dkt. 163 at 4] (quoting *Geiger v. Ryan's Fam. Steak Houses, Inc.*, 134 F. Supp. 2d 985, 997 (S.D. Ind. 2001)). *Geiger* does contain the cited language. However, the next paragraph in *Geiger* makes it clear that the quoted language, read out of context, is an overly broad statement of the law. The quoted language in *Geiger* came from *Weaver v. American Oil Co.*, 276 N.E.2d 144, 146 (1971). As *Geiger* explains:

> The holding in *Weaver* was further explicated by the Indiana Supreme Court in *Carr v. Hoosier Photo Supplies, Inc.*, 441 N.E.2d 450, 454-55 (Ind. 1982). After reiterating *Weaver's* holding, it explained that the plaintiff in *Weaver* had only a year-and-a-half of high school education and "'was not one who should be expected to know the law or understand the meaning of technical terms.'" *Carr,* 441 N.E.2d at 454 (quoting *Weaver,* 276 N.E.2d at 146). In contrast, the Court in *Carr* held that plaintiff's experience as an attorney practicing in the field of business law rendered unavailing a challenge to the contract as unconscionable. *Carr,* 441 N.E.2d at 455.

*Geiger*, 134 F. Supp.2d at 997.

In this case, Plaintiff testified in her deposition that she has a bachelor's degree and considers herself to have above average intelligence. [Dkt 131-1 at 15, 17.] The jury waiver provision is not difficult to understand and the provision directly above Plaintiff's signature

makes it clear that she is relinquishing certain rights by signing the Agreement. Therefore, unlike the situations in *Weaver* and *Geiger*, which involved less sophisticated plaintiffs and more complicated contractual provisions, there is nothing about the circumstances of Plaintiff signing the Agreement that required Defendants to explain the jury waiver provision to Plaintiff in order to make the provision enforceable.

Even if Plaintiff were able to demonstrate that the circumstances surrounding her signing of the Employment Agreement were procedurally unconscionable, rather than merely a typical adhesion contract situation, that would not be sufficient to render the jury waiver clause unenforceable. Rather, the provision itself must be substantively unconscionable—that is, an agreement that "no sensible man not under delusion, duress or in distress would make, and such as no honest and fair man would accept." *McAdams*, 92 N.E.3d at 1150. Plaintiff has not cited any authority that even suggests that a jury waiver provision satisfies that standard. Given that "Indiana recognizes a strong policy interest in favor of enforcing arbitration agreements," *Land v. IU Credit Union*, 218 N.E.3d 1282, 1286 (Ind. 2023), *aff'd on reh'g,* 226 N.E.3d 194 (Ind. 2024) (citing *Decker v. Star Fin. Grp., Inc.*, 204 N.E.3d 918, 920 (Ind. 2023)), which, of course, eliminates not only the right to a jury trial, but also the right to any trial at all, it is difficult to see how an Indiana court would find that no one would voluntarily accept a jury waiver clause in a contract. *Cf. Redmond v. Sirius Int'l Ins. Corp.*, 2014 WL 197909, at *19 (E.D. Wis. Jan. 15, 2014) ("If an insurer can include in a standard insurance contract a provision whereby an insured will give up his right to not only a trial by jury but also the right to bring his action in any court, the court has little reason to conclude that a provision waiving the right to a jury trial is inherently unenforceable or any extraordinary means are necessary to render it effective.").

Plaintiff also argues that the jury waiver provision is unconscionable because it is "ambiguous and vague and lacks clarity." [Dkt. 163 at 5.] It is not and does not. The provision's meaning is clear and unambiguous. Plaintiff's arguments on this point do not merit further discussion.

### B. First Material Breach

Plaintiff also argues that Defendants may not enforce the jury waiver provision because Defendants materially breached the contract by failing to pay Plaintiff as required by the Agreement. Plaintiff's entire argument on this issue is as follows:

> Under Indiana law, the essential elements of a breach of contract claim are "the existence of a contract, a breach of the contract, and damages." *Niezer v. Todd Realty, Inc.*, 913 N.E.2d 211, 215 (Ind. Ct. App. 2009). When one party to a contract "commits the first material breach of that contract, it cannot seek to enforce the provisions of the contract against the other party if that other party breaches the contract at a later date," *Coates v. Heat Wagons, Inc.*, 942 N.E.2d 905, 917 (Ind. Ct. App. 2011); see also *Ream v. Yankee Park Homeowner's Ass'n, Inc.*, 915 N.E.2d 536, 547 (Ind. Ct. App. 2009) ("A party first guilty of a material breach of contract may not maintain an action against or recover damages from the other party to the contract.").
>
> ***
>
> A contract existed because Ms. Keevy signed the Amos Exteriors, Inc. Employment Agreement. The Employment Agreement contained a provision stating that in exchange for employment or continued employment, "Company shall pay Employee such compensation as is agreed upon from time to time." ECF No. 11-1 at §1. Nonpayment constitutes a material breach. *REI Transp., Inc. v. C.H. Robinson Worldwide, Inc.*, 519 F.3d 693, 698 (7th Cir. 2008). Defendants breached the agreement to "pay Employee such compensation as is agreed upon" when between December 2022 to October 2024, it repeatedly failed to pay Ms. Keevy the full commissions she earned. ECF No. 1. Defendants have still not paid Ms. Keevy the full commission she earned.

[Dkt. 163 at 7.]

"Perfunctory and undeveloped arguments are waived, as are arguments unsupported by legal authority." *Schaefer v. Universal Scaffolding & Equip., LLC*, 839 F.3d 599, 607 (7th Cir.

8

2016) (citing *United States v. Hook*, 471 F.3d 766, 775 (7th Cir. 2006)). Here, Plaintiff fails to explain how the general statement of law she cites regarding the affirmative defense of first material breach applies to a jury waiver provision. If the law were as Plaintiff implies, then a jury waiver clause would never be enforceable against a party who is accused of breaching the contract. This, of course, would enable any party to avoid an otherwise valid jury waiver clause by simply alleging a material breach by the other party. *Cf. Merrill Lynch & Co. Inc. v. Allegheny Energy, Inc.*, 500 F.3d 171, 188 (2d Cir. 2007) ("[A]s we expressed in the arbitration context, we are concerned that deciding this issue in favor of appellant makes it too easy for a litigant to avoid its contractual promise to submit a case to a judge by alleging fraud.") (*citing El Hoss Eng'g & Transp. Co. v. Am. Indep. Oil Co.*, 289 F.2d 346, 349 (2d Cir. 1961) (discussing problems posed by fraud in the inducement claims including sham litigations pursued to avoid arbitration)). Plaintiff also fails to acknowledge or address the following provision in the Agreement, which is certainly relevant to this issue:

> 7. **Assignment, Severability And Interpretation.** Company's rights under this Agreement are assignable, and Employee consents to the assignment of such rights, including restrictive covenants, to successors and assigns. If any provision of this Agreement is determined to be unenforceable, the remaining provisions shall remain in full force and effect. The parties expressly agree that if any provision is susceptible of two or more constructions, one of which would render the provision unenforceable, then the provision shall be construed to have the meaning that renders it enforceable. Company was willing to negotiate the terms of this Agreement, and the Agreement is deemed to have been mutually drafted and agreed to such that any ambiguity shall not be construed against the Company. Employee stipulates that it is no defense to an enforcement action by Company against Employee that Company somehow breached any of its obligations under this Agreement.

[Dkt. 21-1 at 6.] "[I]t is not this court's responsibility to research and construct the parties' arguments," *Draper v. Martin*, 664 F.3d 1110, 1114 (7th Cir. 2011) (citation omitted), and the Court will not do so here.

### III. Conclusion

For the reasons set forth above, Defendants' Renewed Motion to Strike Plaintiff's Demand for a Jury Trial, [Dkt. 150], is **GRANTED**. Any trial in this case will be to the Court, not a jury.

SO ORDERED.

Dated: 10 NOV 2025

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically on all
ECF-registered counsel of record via email
generated by the Court's ECF system.